Number 191865 Cara Biller et al. v. S-H OPCO Greenwich Bay Manor LLC et al. Good morning, Your Honors. May it please the Court, Joseph Deslin for the Appellant and Defendants. Mr. Chief Judge, I would request three minutes to reserve for Ruedel. Did you say three? Yes, sir. Okay. This case involves a simple question of law, and that is whether or not the determination of an enforceability of an arbitration clause, when by contract having been delegated to the arbitrator, may be instead reserved by the trial court. We argue that the trial court committed a clear error of law in reserving to itself the right to make the determination as to whether or not an arbitration agreement was enforceable. The United States Supreme Court holding is very clear that gateway issues of arbitrability, when delegated to an arbitrator, must be made by the arbitrator. Secondly, we contend that having incorrectly reserved to itself the right to make the determination, the court then erred as a matter of law on the conclusion finding that the contract was terminated, while the contract, as we'll show, was clearly not terminated by the terms of the contract. Lastly, the court erred as a matter of law in misunderstanding that even if it was terminated, that is if the contract was terminated, the court misunderstood the legal effect of the termination. That is that even if a contract was terminated, disputes that arose during the period of time when the contract was inarguably in effect, like the case that we have at hand, those claims still must be arbitrated, because the termination doesn't act as... On that last point, are all of the disputes in question which are occasioned with lawsuit related to the period that precedes the alleged termination? The timeline, no, the timeline is that from, I believe March of 2016, I'm sorry, the resident was admitted and the contract was signed in March of 2016. In or about July of 2016, the medication administration was transferred from the family to the facility in July of the contract was terminated. So the claims, again, the misadministration of medication went for a year, and only the last month or two... So just so I understand, you have other arguments on whether there was termination, but I can see that if it was terminated, the arbitration agreement would survive only as to the pre-termination period dispute. With respect to the first contract, although it's important to note that they re-signed another contract, which is identical to the first one, and the second contract would control... Well, that turns on the 59E. Yes, it does. So putting that aside, just with respect to 2016. Correct. If the court determines that the child court correctly reserved to itself the right and had the ability and authority to make that determination, that you'd apparently have to split the claim. I agree with that. Okay. On the first issue, which I think is the one that is dispositive of the case, is that there's a delegation clause in the arbitration agreement. And while my friend will argue that you first must have a contract, which is true, the district court may make the determination as to whether there is a contract and an initial agreement to arbitrate. We know that that's the case because the court relied on the idea that that contract itself was later terminated. So once we have a valid contract for arbitration with a delegation clause, in this case it's in the addendum at page 32 where the delegation clause says that the interpretation, scope, enforceability, unconscionability, waiver, preemption, or viability, which I say viability and termination is one and the same. Once that determination is made with a signed contract, and there's no dispute that there was a signed contract, the district court may go no further. And the most recent United States Supreme Court, and again for the last decade the United States Supreme Court has, but that's only true as to the disputes that precede the alleged termination date. I agree. So what are we supposed to do with the fact that the district court, we'd have to reach the termination ruling anyway on this theory as to the disputes that arose post-termination. I'm sorry, you have another question again, Lois? I think the force of this argument would be that we don't have to worry about whether the district court was right or not in its assessment of whether relocation equates to termination because it shouldn't have been addressing that issue. Correct. But our earlier colloquy suggests to me that the district court had to reach that question because the delegation point that you're making here that the termination issue was arbitrable would only be true as to a portion of the claims that were before the district court. No, because at the time of the district court, because the contract, the question of whether that contract survived, just because we weren't, we didn't react quickly enough in terms of the plaintiff suggesting that there was no separate signed contract. We didn't have it in hand. So put aside the 1590 issue. I don't know that you can, but I want to for the sake, just to understand this point. Right. But in understanding this point, the district court didn't know about the second signed contract. But it won't know it if he was right on the 1590 issue. For purposes of the case, that second signed contract wouldn't be before us then. Correct. But the terms would just be down to the 2016 contract and whether it survives. And as to that, the district court has to address the termination question to is at least part of the claims that are in dispute, right? I think that's what we, I think we're saying the same thing. I think we have said the same thing. I'm just, I'm not, I'm not following your question in terms of why it matters in terms of referring in the first instance, the case to the arbitrator where there is a valid contract. I'm not, I'm just, I'm sorry. I'm not following your question. We're going to have to, one question I might be interested in since I might have to write an opinion is, do I have to address the termination issue? I think on the merits? Yes. Well, not, not if the court, not if the first, the answer to the first question. That turns out not to be so if part of the claims before the district court post-date the alleged termination event, unless the 2017 contract is also in play, but that turns on the 59E issue, right? Well, right. But you don't get to the second issue if the district court is not equipped to make the determination of whether it was terminated or not. In other words, if the, if the first instance is referred to the arbitrator. But, but it wouldn't refer to the arbitrator questions about disputes that arose post the termination date, would it? It, it does if the, if the arbitrator determines that the contract wasn't terminated. I thought you were saying earlier to me that disputes that arose after that time wouldn't be encompassed by the delegation notes because it would have arisen potentially after it had terminated. Is that wrong? It's wrong because you have to first make the determination of whether or not the contract was terminated. If you allow the district court to make the decision, which it did, I think wrongfully, and then also make the determination that it was terminated, that's the only thing that I've suggested because if it's, the question of whether it's terminated, I say it wasn't terminated. I understand. We would, as to the dispute that arises pre the period of alleged termination, you say that has to be arbitrated. It has to, even if you determine the contract was terminated. I understand that. Yep. We don't ever reach the question because it's not for us. It's for the arbitrator. Correct. Right? Under the contract that was assigned to the arbitrator. Correct. Okay. Now, a dispute that arises post the alleged termination date. Right, but you can't make that determination until you first determine whether the contract was terminated. In other words, the arbitrator must first determine whether or not the contract was terminated. So you're saying that's a scope question? No, I'm saying whether the contract is still viable under the delegation clause. So, as to that point, you said earlier that viability equates to, in this instance, whether it was terminated or not, and you say that's for the arbitrator. Yes. I'm having a little trouble with that. The court has to determine whether a contract was formed in the first place. Why wouldn't the same rule apply when it comes to expiration of the contract terms? Because again- Because I don't, I mean, viability does not say termination. It can mean all kinds of things, but it doesn't necessarily mean, it doesn't expressly mean termination, that's for sure. I understand that, but again, I think- So what's wrong with my idea? That if we ask courts to decide whether the contract was formed, why isn't it also within the court's purview to decide whether the contract had ended? Because that's a factual determination that the parties have agreed to have, to say that all claims, other than- Well, you're saying that just under the rubric of viability. That's what you said earlier. I'm saying it under the rubric of viability I think it's specifically called for. But if you don't accept that viability is encompassing enough, I think that the- All claims. Correct. But you've conceded that that's not true with respect to contract formation. I don't understand why the same rule wouldn't apply to contract expiration. In each instance, you don't have a contract in effect. I'm not aware of a case that says that. The case law that I'm familiar with says that the only, it's contract formation is the United States Supreme Court precedent. The rest of the factual determinations are reserved to the arbitrator in terms of whether or not it has been ended, whether it is enforceable, et cetera. Because it's just- So the part of the dispute that allegedly arises after the contract terminated, how do we know there is any contract containing an arbitration agreement to resolve that dispute? Without getting to the 59E issue, you must first make the determination of whether it was terminated. Yeah, but that just goes to the point that you're touting. That's just a question of whether there was a contract in that post period. I get it. And that's true. Which is different than the question of the pre-alleged termination date. Because since you have an argument that even if the contract terminated, the arbitration agreement survives that termination as to that pre-termination event dispute, that makes sense to me. Correct. But that wouldn't hold for the dispute that arises after the alleged termination. As to that dispute, we have to decide, is there any contract with an arbitration agreement? And to say, well, no, we've already decided that you have to decide how the termination based on the arbitration agreement kind of begs the question, doesn't it? Well, I think, again, the only thing that the district court is permitted to decide is whether there was an initial contract and what was the intent of the parties. Was there some intent to sign a contract that included arbitration? And beyond that, it's up to the arbitrator to decide. And that is the case law. I'm not aware of any case that says that once you can start parsing out termination or any other element, other than, again, an enforceable contract, and again, the Sheen case, Harry Sheen's case, and it eviscerated the wholly groundless exception, even if there is a claim that your honors may find was wholly groundless in terms of there being an arbitration agreement, you still cannot make that determination. It must be decided by the arbitrator. And that's Harry Sheen versus Archer White expanding upon the Renner Center case. And that's cited in the brief. Thank you, Judge. May it please the court, Anthony Leone on behalf of the appellee, Carol Billa, and her role as power of attorney for her mother, Joan McKenna. We ask the court to affirm the decision of Judge McConnell and his determination that there was no forced arbitration provision, in effect, between the parties upon the relocation in July of 2017. If there's an argument to be made as to whether the contract terminated, why wouldn't that be within the purview of the arbitrator to decide whether the contract was in existence? The question of whether or not the case would go to an arbitrator under the FAA is a secondary question. The first question is, what is the contract between the parties? And even in Harry Sheen, the court went on to say that, to be sure, before referring There's no doubt that there was a written contract for 2016. The question is, was the contract terminated? And there's argument that it was and there's argument that it wasn't. So if it wasn't terminated, then all of the questions Judge Barron directed at your opponent, the whole period would be encompassed if it was determined that the contract was ongoing. If the March 2016 contract was never terminated, then it is a different issue. But that does beg the question, as your Honor suggests, the court does need to reach the issue of termination and formation. Why doesn't the arbitrator get to decide that? Why doesn't the arbitrator get to decide that? It's not a very broad arbitration provision. Under the Shine case, and other cases as well, determination of contract formation, determination of what the contract is, is a question. If it's a question of formation, there was a formed contract that assigned certain things to the arbitrator. Yes, Your Honor. How do we know one of the things that wasn't assigned was the determination of when it terminates? We look at the contract. Our position is, as Your Honor suggested, if formation is something for the court to apply, termination is something for the court to decide. Why is that? Because formation, we don't even get in the door. If there was never a contract formed, there's no basis for concluding that there was any arbitration agreement at all. That's not our situation here. We know there was a determination to have an arbitration agreement. Now we're just trying to figure out what is the scope of the arbitration agreement. Why wouldn't termination be within the scope of it? Your Honor... Particularly for this context. Our position is based on the contract. The question is... Some disputes are going to arise after people who live in this facility die. Yes, Your Honor. Wouldn't you think that they intended, despite the fact that the contract terminates upon death, that that dispute that arises about the care they had prior to the death would be subject to arbitration? Depends on what the contract is in place. This contract... I'd be surprised if the facility had written the contract so that the persons living in about the level of care they were getting there. That that would not be subject to arbitration. If the residency agreement has written, setting aside whether or not issues of unconscionability and whatnot, then it is possible that that could go to the object. It depends what the contract is before... In dispute. Our position is that the contract was terminated and it's a new contract in dispute. A common law contract in July 2017 that is triggered by and requires the court to look at what happened and what facts terminate the agreement or not. I would also suggest that... Whether it was terminated or not depends upon an argument about the specific provisions, the specific wording of the contract itself. I don't know how that's not classical contract interpretation that's specifically carved out for the arbitrator to handle. Your Honor, it's really a question of the formation of a contract. What contract is in... What is the contractual relationship between... No, it's a matter of the continuation of the contract that everyone acknowledges was signed in 2016. Your Honor, because that... Did it ever terminate? And their argument based upon their reading of the provisions is that that contract was still in effect. Because the facts that go into the analysis support that that contract was no longer in effect. And that's what Judge McConnell decided. That that contract was superseded by when Ms. McKenna is relocated. Can I ask you a question about that? I read the contract provisions to require a written notice to terminate, a written notice to relocate, and I never found any evidence of any written notice. Can you address that? First, Your Honor, the way it is written, it can be read in multiple different ways. It says written notice in the event of your death or if you must be relocated due to your health. It could be read to read that written notice only applies to death. That aside, we suggest that there is evidence of written notice. And that is the draft unsigned July 2017 residency agreement. There's a reason why that Brookdale, that the appellants presented Ms. Biller with a new residency agreement in July of 2017. It's because it was a new contract. They intended to enter into a new written contract. And based upon the record before the court, they hadn't done that. The court could infer from that that there was a written notice to terminate? Yes, Your Honor. I believe the court can because there is, it doesn't say what written notice requirements are. It doesn't give any specific requirements. How about a writing notice? I'm sorry? How about a writing? I would submit, Your Honor, that the residency agreement, that the new proposed residency agreement, that's the right, that's the notice. That certainly would be sufficient because there's no formal requirement. And also it's a manifestation of the defendant's intent. Intent is an important factor in contract formation. But an offer to enter into a new contract doesn't mean necessarily that the old contract was terminated. We submit that it does because under the old contract, Brookdale, the old contract is terminated by relocation because it could not meet her level of care. If she's moved to a new unit because of her health and she could not care for the facility could not meet her needs anymore. So because of that, that operates as a question of termination and the question becomes in July 2017, what is the contractual relationship between the parties? There is a contractual relationship between the parties in July 2017. The question is, what is it? And based on the record before the court, it's a common law contract. It is, I promise to pay you $5,007 if you promise to take care of my mother. Under basic contract law, that is a contract. The reason why the arbitration provision cannot survive at that point is because you now have two potential contracts that are in conflict. And the law suggests that the new agreement in July 2017, again, before the court. That's a question of whether the new agreement substituted for the old one, which is different than the question of whether the old one by its own terms terminated. And I agree with you that the question of whether there is a new contract that's substituted for the old one might not be for the arbitrator. That would be like contract formation. But that's a different argument than the contention of the question of whether the old one terminated is for the arbitrator, is not for the arbitrator. Do you follow that? I think so. I'm sure you'll tell me if I'm not. My position is that the new contract has to supersede the old contract. The law supports that. I'm saying the question of whether it does is independent of the question of whether the old one by its own terms terminated. Because the new contract can substitute for an old one that has not terminated. Under contract law. But in this case, it has to. And it has to because of two reasons. One, because you have new consideration. You have a new relationship between the parties. And two, you have two inconsistent agreements that can't be read together. You would have one that has a written forced arbitration provision. And you have an... I'm saying that's just a distinct argument than the question of whether the old one terminated pursuant to its own terms. It is, but I think the analysis has to go together to reach the ultimate, for the courts to reach an ultimate decision, which is what contract is in play. The cause of action that gives rise here while it's ongoing, it does not become discovered or known until sometime in late August of 2017. So it does make a significant difference in this case because the cause of action really arises in August 2017 when mechanosteroid levels and injuries manifest themselves. So that's why what contract is in place as of July 2017 is important. And that is inherently a question for the court to decide, not for an arbitrator. And even with... Even... Because we're not challenging that there is a contract in the case, but whether or not there is a... But just so I understand, Judge McConnell's reason seemed to be that the 2016 contract had terminated of its own terms. Not that... It had been substituted for a new contract in 2017. I agree with that, Your Honor. I agree. Okay, so then that just takes us back to the question of, well, as Judge Thompson was asking, why is the question of whether the 2016 contract terminated of its own terms a question for the court rather than the arbitrator? Because questions of contract formation might be for the court, but why would the question of the end of a formed contract containing an arbitration agreement be for the court rather than the arbitrator? It's inextricably intertwined in this case. It's inextricably intertwined. Otherwise, you have a completely inconsistent procedural posture of the case, not on the side of the fact that you have some defendants... If the contract says it's going to run from January 1 through December 31, then it expires on its own terms. Whether moving someone within the facility constitutes termination or, as they argue, it was meant to refer to moving someone outside, the patient away from the facility, it's strictly contract interpretation. What does that mean? What it means in the context of this case, it's... We need to look at the circumstances as a whole as opposed to any one fact and where the cause of actions arise. So if we... The court needs to suggest, look at what contract is in place. And it is a question of formation and termination of the old question. Again, it's so inextricably intertwined in this case, the court... It is the court's purview to determine that. Because even looking at the Shine case, it is for the court to determine if there is a valid arbitration agreement. So even in that case, even under that existing law, it still falls under the umbrella of the court's determination to determine if there is a valid arbitration agreement. Wouldn't your position be the same if the contract itself, with respect to arbitration provisions, said the question of termination is one for the arbitrator? If it expressly said that? I don't think so, Your Honor. I don't think so. Because ultimately, it gets back to the question. What is the contract in place in July of 2017 when Ms. McKenna is relocated? And just because the arbitration agreement says it doesn't necessarily mean that it's automatic, even in more recent cases. But in that instance, then you would be entirely dependent on what the 2017 contract showed. I apologize. Wouldn't you be entirely dependent for that argument? You'd be relying entirely on what the evidence showed about the 2017 contract. And our position is that it is the 2017. But you just said to me, as the case comes to us, that's not how Judge McConnell decided the case. He was relying on interpretation of the 2016 contract. He was, yes. Yes, he was relying upon that. So I'm just putting the two points together. Judge Howard asks you, would your position be the same if the 2016 contract expressly made termination for the arbitrator? You said, well, you'd still win. But that seems to be because you'd be relying on the evidence of the 2017 contract, which is a question for the court, not the arbitrator. Right? I believe so, Your Honor. Then you said, but Judge McConnell decided this case as if he was interpreting the 2016 contract. He did. So then that just goes back to Judge Thompson's question. Why aren't we then just interpreting a term in the 2016 contract? And why isn't that for the arbitrator? Because it goes back to the simple rule that is left from Harry Schein, in that determination of whether or not there is a valid arbitration provision is one that rests with the court. It is not a determination for the arbitrator to make. And that is our position. It is ultimately a question of formation. What contract is validly performed before the court in July of 2017? So it's consistent with Harry Schein, even in New Prime, where the court indicated not everything is delegated just because the arbitration provision says it. It is consistent that this type of decision as to what contract is in place and whether or not there is a valid enforceable forced arbitration provision, that is something that remains within the purview of the court as Judge McConnell determined. And for those reasons, we ask that the court affirm Judge McConnell's decision. Thank you. Thank you, Judge. I'll be very brief in running through these. It was noted about termination by either party. There must be a written notice. And I've now heard that the written notice is the contract that also has an arbitration provision in it. If that's the written notice, then the written notice says we want to arbitrate. Do you know if they argued that in their briefs? I forgot to ask him. No, written notice is not an issue. It was never raised that there was written notice. That's the first I'm hearing of it. I want to correct Judge Barron one thing I said about does it definitely end the contract if it's terminated. The arbitration agreement itself, and again, Justice Howard asked, you know, how broad is it or how broad is the claim? It actually is broad enough to say any and all claims or controversies relating in any way relating to this agreement or any of your stays. So to the extent that there's a written notice and a termination and a subsequent stay, if that's how they want to look at it. Oh, stay. Stay. Stay in the nursing home. Correct. So this arbitration agreement that is signed that was in effect is broad enough to cover the next one. So that's in stays. That's on the agenda. It doesn't say future stays. I'm sorry? It doesn't say future stays. It says any of your stays without limitation. It doesn't say past, present, future. It says any of your stays. The other thing in terms of termination must be written notice and then in the context the written notice of the termination. When her obligation to stop paying ends on 14 days after your written notice or the day on which you remove all of your belongings from the community. And that's the suggestion that the relocation for a higher level it actually says relocated to a facility which offers a higher level of care. And we can ask for a written notification. Well, doesn't that suggest that the written notice is just about a timing point then and not an obligation? Because it says immediately, I thought, right? No, it says written notice in the event of two conditions. One, death. Doesn't it say immediately there or not? I'm not sure what clause you're referring to. The written notice must be provided in two situations. One, in the event of death or two, if you must be relocated due to your health. But doesn't it say before that the contract can be terminated immediately upon written notification? It does. So doesn't that suggest that the written notice requirement is just a means of effectuating a timing point? No, the termination is immediate rather than 14 days hence. No, and there's actually another clause that refers. It's on page 31 of the defendant fees during absence. And it says, if you provide written notice of your intent to terminate the agreement pursuant to Section 4, termination will be effective and charges will cease the later of the end of any applicable notice period or the removal of all your personal belongings. So what would happen if I died and didn't give written notice? I'd have to pay for life forever? I haven't had the contract to examine that. But I would imagine a reasonable time of a 14 days notice. If I may, I would like to address the elephant in the room which is we know that the subsequent contract was signed. And on the 59AE issue I didn't get to address. Is it an abuse of discretion when we know that... We'll take that one on your briefs. It wasn't part of the argument today. Okay. Thank you, Judge. That's all right. Can we take a recess? Yes. All rise. Court is going to take a brief recess. One second, Judge.